UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-cr-290 (PJS/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER OF DETENTION |
| | ) | |
| COREY DAVIS JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on January 11, 2021, for an arraignment and detention hearing conducted via video conferencing with the consent of the Defendant and no objection from counsel. The Defendant appeared in custody and was represented by Assistant Federal Defender James Becker. The United States of America was represented by Assistant United States Attorney Samantha H. Bates. The Court advised the Defendant of his constitutional rights, including the right to consult with his appointed counsel. *See* Fed. R. Crim. P. 5(d), 10(a).

On January 7, 2021, at the Defendant's initial appearance, the United States orally moved for the detention of the defendant pursuant to Title 18, United States Code, Sections 3142(f)(1)(E).

At the detention hearing, the Court had before it the bond report prepared by U.S. Probation and Pretrial Services and heard argument from counsel. The Court has considered the serious nature of the charged offense and the factors contained in Title 18, United States Code, Section 3142(g). Based on this record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably ensure

the safety of the Defendant and community at this time. Accordingly, the Court grants the Government's motion for detention.

## FINDINGS OF FACT

1. The Defendant is charged by indictment with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Dkt. 1.)

2. The nature and circumstances of the charge against the Defendant are serious. The Indictment alleges that on or about October 5, 2020, the Defendant knowingly possessed a Taurus, Model G2C, 9mm, semi-automatic pistol, despite knowing that his felony record prohibited him from possessing such a firearm. The Indictment specifically references four previous felony convictions—domestic assault by strangulation, violation of an order for protection, third-degree burglary, and felon in possession of a firearm.

3. The Defendant has a lengthy and troubling criminal history. Aside from the four felony convictions referenced in the Indictment, the Defendant's criminal history includes other convictions for property damage, possession of firearms, and violation of domestic abuse no contact orders.

4. On October 5, 2020, at the time of the present alleged criminal conduct, the Defendant had three separate pending state felony charges resulting from alleged conduct that occurred in January, May, and June of 2020. The alleged conduct includes being a felon in possession of a firearm, possession of narcotics, and burglary.

5.	Per the bond report and the proffer of Defendant's counsel, the Defendant sustained seven gunshot wounds on August 18, 2020, and requires various medications and treatment, including post-surgical physical therapy, for his resulting conditions.

## CONCLUSIONS OF LAW

Based upon the materials before the Court at the detention hearing, and based on the above-described findings of fact, the Court concludes that there is no condition or combination of conditions of release that will reasonably ensure the safety of the community if the Defendant is not detained.  *See* 18 U.S.C. § 3142(e)(1); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).   Accordingly, the Court will grant the Government's motion for detention.

## ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.	The motion of the United States for detention of the Defendant without bond is **GRANTED**;

2.	The Defendant is committed to the custody of the United States Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.	The Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.	Upon order of the Court or on request of an attorney for the government, the person in charge of the correctional facility in which the Defendant is confined shall deliver

him to a United States marshal for the purpose of appearance in connection with a court proceeding.

Dated: January 12, 2021                             *s/Hildy Bowbeer*
                                                    The Honorable Hildy Bowbeer
                                                    United States Magistrate Judge