UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 20-cr-290 (PJS/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| COREY DAVIS, JR., | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha H. Bates, Assistant United States Attorney, and Defendant Corey Davis, Jr., together with his attorney, James Becker, agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

PLEA AGREEMENT

1. **Charges**. Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Stipulated Facts**. Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a. On October 5, 2020, Minneapolis Police officers, who had a warrant for Defendant and his vehicle, observed him enter a restaurant in Minneapolis. Shortly thereafter, officers arrested Defendant as he exited the restaurant.

    b. Pursuant to a search warrant, officers searched Defendant's vehicle and recovered a loaded Taurus model G2C handgun, bearing serial number ABJ895308, with an extended magazine from the driver's side floorboard.

    c. In an interview following his arrest, Defendant stated that he carried a firearm to protect himself, and knew he was prohibited from possessing firearms. Defendant admits that he possessed this firearm on October 5, 2020.

    d. The Taurus pistol was manufactured outside the state of Minnesota. Defendant does not dispute that the firearm traveled in interstate commerce prior to his possession of it on October 5, 2020.

    e. Prior to October 5, 2020, Defendant had been convicted of at least four felony offenses in the State of Minnesota, including the following:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Domestic Assault by Strangulation | Hennepin County, MN | January 7, 2010 |
| Violation of an Order for Protection | Hennepin County, MN | September 20, 2011 |

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Third Degree Burglary | Hennepin County, MN | June 13, 2012 |
| Felon in Possession of a Firearm | Hennepin County, MN | January 31, 2014 |

  f. Defendant stipulates and agrees that when he possessed the Taurus pistol on October 5, 2020, he knew he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year, that he acted voluntarily, and that he knew his actions violated the law.

 3. **Waiver of Pretrial Motions**. Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case and agrees to withdraw the pretrial motions that he has already filed.

STATUTORY PENALTIES

 4. **Maximum Potential Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

  a. a maximum term of ten (10) years in prison;
  b. no mandatory minimum term of imprisonment;
  c. a supervised release term of no more than three (3) years;
  d. a criminal fine of up to $250,000.00; and
  e. a mandatory special assessment of $100.00, which is payable to the Clerk of Court before sentencing.

3

5. **Additional Consequences**. Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and additional consequences such as the right to carry firearms, the right to vote, and the right to hold public office.

6. **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

## GUIDELINE SENTENCING STIPULATIONS

7. **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties stipulate that the following Guideline calculations are applicable with respect to Count 1:

    a. Base Offense Level. The parties believe Defendant's base offense level is 20 because the firearm was capable of accepting a large capacity magazine and Defendant was prohibited from possessing firearms. (U.S.S.G. § 2K2.1(a)(4)(B)). The parties agree no other specific offense characteristics apply.

    b. Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4)

4

undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

c. Criminal History Category. Based on the information currently available to the parties, Defendant's criminal history points would place him in criminal history category IV. (U.S.S.G. §4A1.1). Defendant's actual criminal history and any related status will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentence based on his true criminal history category and will not be permitted to withdraw from this Plea Agreement.

d. Guideline Range. If Defendant's adjusted offense level is 17 (base level 20, decreased by 3 levels for acceptance of responsibility) and his criminal history category is IV, the advisory Guidelines range is 37-46 months imprisonment.

e. Fine Range. If the adjusted offense level is 17, the fine range is $10,000 - $250,000. (U.S.S.G. §5E1.2).

f. Supervised Release. The Sentencing Guidelines call for a term of supervised release of at least 1 year but not more than 3 years. U.S.S.G. §§5D1.2(a)(2).

g. Sentencing Recommendations. Both parties reserve the right to move for departure and/or variance from the applicable guidelines and/or to oppose any motions made by the other party.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement on that basis, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. U.S.S.G. §5E1.3. Defendant agrees that he is obligated to pay this amount.

10. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, ammunition, and accessories (including magazines) involved in or used in the violation charged in Count 1 of the Indictment, including but not limited to 18 rounds of ammunition and a Taurus model G2C handgun, bearing serial number ABJ895308, all seized on October 5, 2020.

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may

have in the property. Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

11.  **Waiver of Trial Right.** Defendant understands that he has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a speedy trial. Defendant understands that by pleading guilty he surrenders this right.

12.  **Waiver of Freedom of Information Act and Privacy Act.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

W. ANDERS FOLK
Acting United States Attorney

Dated: April 1, 2021

_____
SAMANTHA H. BATES
Assistant U.S. Attorney

Dated: April 16, 2021

_____
COREY DAVIS, JR.
Defendant

Dated: 4/16/21, 2021

_____
JAMES BECKER
Assistant Federal Defender
Attorney for Corey Davis Jr.